# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | **Case No. 3:16-00196** |
| v. ) | **JUDGES CRENSHAW/FRENSLEY** |
| ) | |
| ) | |
| **MITCHELL HUNTER OAKES** ) | |

## PROTECTIVE ORDER REGARDING DISCOVERY

The parties have proposed an agreed protective order regarding discovery in this matter, and the Court concludes that discovery would be facilitated by a protective order pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1). Accordingly, the discovery in this matter shall be processed by the parties as follows:

1. Definition of Discovery Material. This order shall govern all current and future documents and materials furnished at any time to any Party by another Party, all information derived from such documents and materials, and all copies, excerpts, or summaries thereof (collectively, "Discovery Material").

2. Disclosure of Discovery Material to Authorized Persons. No Party shall disclose Discovery Material to any person except as provided in this order. In particular, Discovery Material may be disclosed by the Parties only to the Authorized Persons and only for the authorized purposes listed below. A person who would otherwise be authorized to receive Discovery Material, but to whom Discovery Material was disclosed for an unauthorized purpose, shall *not* be considered an Authorized Person under this Paragraph. "Authorized Persons" are limited to the following:

a. The Parties, counsel for the Parties, and their respective employees (including employees of federal, state or local law enforcement agencies working with the United States Attorney's Office in connection with this case or related prosecutions);

b. Any person retained by counsel to assist in the preparation, trial, or appeal of this criminal action (or any collateral civil matter arising directly from this criminal action), including experts and investigators.

c. Any person that counsel deems necessary as part of their investigation.

d. The author(s) and addressee(s) of Discovery Material;

e. The Court and any persons employed by it working on this matter.

3. <u>Disclosure to the Defendant.</u>  By agreement of the parties, the Defendant may review and retain the Franklin Police Department Incident Report only after personal identifiers are redacted from the document.  Additionally, the Defendant may review the following documents and materials with counsel, but (i) personal identifiers (DOB, addresses, phone numbers, email addresses and social security numbers) must first be redacted before review by the Defendant personally, and (ii) the Defendant personally may not retain a copy of these documents unless otherwise ordered by the Court:

A. Interview with BC – audio
B. Interview with GB – audio
C. Oakes ROI # 4
D. Oakes ROI # 5
E. Oakes ROI #6
F. Oakes ROI #7
G. Oakes ROI # 10
H. Oakes ROI # 12
I. Oakes ROI # 13
J. Oakes ROI #16
K. Oakes ROI #17
L. Oakes ROI #18

M. Oakes ROI # 19
N. Oakes ROI # 22
O. Oakes ROI # 23
P. Oakes ROI #24
Q. Oakes ROI # 25
R. Oakes ROI # 26
S. Redacted Summary of Detective BS.
T. AO Phone Download which includes file folder labeled 2016-09-11.08-10-27 with subfolder SMN900V Galaxy Note 3 with subfolders labeled "files", "mms", and "thumbnails" and all subfolders contained therein, which are labeled Image, Text, Video, and inbox and the contents of such folders.
U. Within the file folder labeled "Cell Phone Info" the file labeled "Consent from Txxxxxxx" and the subfolder within that file labeled "WS_20033.wma"
V. Video from NHC.

The remainder of the items provided by the government in discovery, may be left with the Defendant, but consistent with this Protective Order, may not be disseminated to other inmates or to any other person.

    4. <u>Reproduction of Discovery Material</u>. Any copies or reproductions of Discovery Material are considered Discovery Material and shall be treated in the same manner as the original material.

    5. <u>Limitation of Use of Discovery Material</u>. Nothing in this order shall limit Discovery Material from being used in pretrial proceedings, investigation, motions and briefs, trial and other proceedings in this litigation.

    6. <u>Party's Use of His or Her Own Documents</u>. Nothing in this order shall prevent a Party from any use of his or her own confidential documents.

    7. <u>Inadvertent Disclosure</u>. Nothing in this order exposes a Party or a Party's counsel to contempt of court or any other type of sanction for unintentional or inadvertent disclosure of Discovery Material by that Party, that Party's counsel, or that Party's agent. In the event of such unintentional or inadvertent disclosure of Discovery Material, the disclosing Party's counsel

shall promptly notify the other Parties' counsel of the inadvertent disclosure, and the Parties' counsel shall discuss in good faith what steps, if any, should be taken to minimize the effect of such disclosure.

8. Modification of Order. The terms of this order are subject to modification, extension, or limitation as may be agreed to by all Parties or by the order of the Court.

It is so ordered.

_____
JEFFERY S. FRENSLEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT