# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:16-cr-00196 |
| | ) | CHIEF JUDGE CRENSHAW |
| MITCHELL HUNTER OAKES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court issues the following rulings regarding certain pending motions.

### I.

The Government has filed a sealed Motion in Limine (Doc. No. 120) seeking to preclude the Defendant from introducing as evidence certain pictures. Providing little context (e.g., when the pictures were taken, who took the pictures, who has seen the pictures, etc.), the Government argues these pictures should be excluded under Federal Rules of Evidence 401, 403, 412, and 608(b). The Defendant has averred in his sealed Response (Doc. No. 132) that these pictures *may* become relevant and *could* become probative at trial *if* the Defendant offers evidence in support of a particular theory of the case. From the representations made in the briefs, the Court concludes that it is too early to make a determination of the admissibility of the pictures. The referenced pictures could be relevant and probative if the Defendant pursues that particular avenue of defense, but might be neither relevant nor probative if he does not. Accordingly, this issue is best raised and resolved immediately prior to or during trial, when Defendant has settled on a strategy and the specific evidence can be evaluated in more detail and context. This motion (Doc. No. 120) is therefore **DENIED WITHOUT PREJUDIC.** The parties may raise this issue at the pre-trial

conference, if necessary. Counsel are cautioned not to reference any such pictures before the jury until the issue of their admissibility is resolved either by agreement or court ruling. Counsel are further admonished that if any such pictures are ultimately admitted as relevant and probative, their use will be strictly cabined by the guideposts of Federal Rules of Evidence 412 and 608(b).

II.

Defendant has filed a Second Motion to Dismiss Count Four of the Superseding Indictment.[1] (Doc. No. 113). Count Three charges Defendant with violating 18 U.S.C. § 844(i), which makes it illegal to use a bomb to try to damage a vehicle. Count Four charges Defendant under 18 U.S.C. § 924(c) with, during or in relation to a crime of violence, using or carrying a bomb, or, in furtherance of such a crime, possessing a bomb. Defendant makes two primary arguments for dismissal of Count Four.

First, Defendant argues that "the Double Jeopardy Clause prohibits the government from using § 924(c) to convict Oakes for the same criminal act twice."[2] (Doc. No. 51 at 1.) Defendant argues that "the identical proof would simultaneously show the violations of both § 844(i) and § 924(c), namely, the selfsame proof that Oakes used the bomb [he possessed] to try to damage his wife's car." (Id. at 8.) The Sixth Circuit addressed this question in United States v. Dye, 538 F. App'x 654, 664 (6th Cir. Sept. 3, 2013). Dye was charged with violating 18 U.S.C. § 844(i) for firebombing a courthouse (Count 2) and violating 18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(ii) based on the devices that were used to start the fire in the courthouse (Count 3). Prior to trial, Dye argued that Counts 2 and 3 of the superceding indictment were multiplicitous because the destructive

---

[1] This is technically a "Motion to Adopt the Two Previously Filed Motions to Dismiss Count Four of the Superseding Indictment" filed by prior defense counsel (Doc. Nos. 51, 71.) The Court will consider it as a consolidated "Second Motion."

[2] The Double Jeopardy Clause "protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

devices in both counts were the same and involved the same course of conduct. The district court rejected Dye's arguments after determining that Congress clearly intended separate punishments under 18 U.S.C. §§ 844(i) and 924(c). The Court of Appeals ruled:

> Supreme Court precedent holds that "[w]here . . . a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct," cumulative punishment may be imposed following a single trial. Missouri v. Hunter, 459 U.S. 359, 368-69 (1983). This circuit and others have held that cumulative punishment under the circumstances presented here is appropriate. We have specifically observed that the language of § 924(c) and its legislative history demonstrate that Congress intended cumulative punishment for violation of that provision and certain other predicate offenses, even if the convictions stem from the same course of conduct. See United States v. Holdridge, 30 F.3d 134, 1994 WL 399526, at *1-3 (6th Cir. 1994) (table decision). Although, as Dye points out, the Supreme Court has not explicitly ruled on this issue, it is clear under the applicable legal principles and the weight of authority that the imposition of cumulative punishment for Counts 2 and 3 was appropriate.

Dye, 538 F. App'x at 664 (citing United States v. Holdridge, 30 F.3d 134, 1994 WL 399526, at *1-3 (6th Cir. 1994) (table decision) (upholding dual convictions for malicious destruction of a vehicle with a pipe bomb in violation of § 844(i) and use of a destructive device during and in relation to a crime of violence (the § 844(i) offense), in violation of § 924(c), and consecutive sentences); United States v. Eddington, 416 F. App'x 258, 263-64 (4th Cir. 2011) (per curiam); United States v. Smith, 502 F.3d 680, 691 (7th Cir. 2007); United States v. Strickland, 261 F.3d 1271, 1274 (11th Cir. 2001); United States v. Nguyen, 117 F.3d 796, 797 (5th Cir. 1997) (per curiam); United States v. Collins, 109 F.3d 1413, 1419–20 (9th Cir. 1997); United States v. Swapp, 934 F.2d 326, 1990 WL 299279, at *15-16 (10th Cir. 1990)); see also United States v. Challoner, 583 F.3d 745, 749-50 (10th Cir. 2009) (holding that counsel was not ineffective for failing to challenge on double jeopardy grounds consecutive sentences based on convictions under § 844(h)

and § 924(c)); Missouri v. Hunter, 459 U.S. 359, 368-69 (1983) (a cumulative sentence does not run afoul of the Double Jeopardy Clause when at a single trial a defendant is convicted under two statutes and Congress has authorized cumulative sentences for violations of those statutes). Defendant has offered no persuasive reason to depart from this well-reasoned authority.[3]

Second, Defendant argues that Count Four erroneously charges that the violation of 18 U.S.C. § 844(i) (i.e., Count Three) is the predicate "crime of violence" for a violation of § 924(c). (Doc. No. 70 at 1-2.) The definition of "crime of violence" is composed of a "use-of-force clause" and a "residual clause." The use-of-force clause "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The residual clause covers offenses that "involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

Defendant maintains that a violation of § 844(i) fails to satisfy the use-of-force clause because § 844(i)'s *mens rea* is malice, which can be shown by recklessness, but the use-of-force clause requires more than reckless conduct. In Dye, the Sixth Circuit noted that the term

---

[3] Defendant advances the argument a slightly different way – namely, that the § 924(c) charge is "circular" because it charges that Defendant possessed the "bomb" in furtherance of using the same "bomb" to try to damage his wife's car. It is a statutory "absurdity," according to Defendant, that – recognizing that anyone who uses a bomb to attempt to do damage in violation of § 844(i) is likewise "possessing" the bomb in violation of § 924(c) – he could be imprisoned for 5 years for using the bomb and for an additional 30 years for merely possessing the bomb that he used. (Doc. No. 51 at 5-7.) In support of this version of his argument, Defendant relies upon one two-page Seventh Circuit decision, United States v. Konopka, 409 F.3d 837 (7th Cir. 2005), that has only been approvingly cited three times in the last thirteen years. Konopka, which concerned arson and the withdrawal of a plea agreement, acknowledged that it was essentially a double jeopardy case. Id. at 839. The Court finds the analysis discussed above is clearly more persuasive and legally sound. See, e.g., Strickland, 261 F.3d at 1274 ("Although it may seem an unintended consequence of the statutory scheme to enhance a penalty for using explosives based on a predicate crime involving those same explosives, the language is clear; thus, this court's statutory interpretation inquiry is at an end.").

"maliciously" is not defined in § 844(i), and adopted the definition of acting "intentionally or with willful disregard of the likelihood that damage or injury would result from his or her acts." Dye, 538 F. App'x at 659-60 n.2 (citations omitted). In Voisine v. United States, 136 S. Ct. 2272 (2016), in the context of considering whether a misdemeanor conviction for the crime of "recklessly assaulting a domestic relation" constituted a violent misdemeanor under 18 U.S.C. § 922(g)(9), the Supreme Court determined that, when considering use of physical force, the word "use" "is indifferent as to whether the actor has the mental state of intention, knowledge, or recklessness with respect to the harmful consequences of his volitional conduct." Id. at 2279. The Court concluded that "[a] person who assaults another recklessly 'uses' force, no less than one who carries out the same action knowingly or intentionally."[4] Id. Thus, the categorical inquiry of whether a statute has the use of physical force as an element "focuses on whether the force contemplated by the predicate statute is 'volitional' or instead 'involuntary [,]' [and] it makes no difference whether the person applying the force had the specific intention of causing harm or instead merely acted recklessly." United States v. Hammons, 862 F.3d at 1056 (quoting Voisine, 136 S. Ct. at 2279); see also United States v. Mendez-Henriquez, 847 F.3d 214, 222 (5th Cir. 2017) (noting "Voisine holds 'use' separates volitional acts from involuntary motion; not recklessness from intention").

Applying Voisine, the Tenth Circuit Court of Appeals concluded, in the context of the Armed Career Criminal Act ("ACCA"), that a statute requiring proof only that the defendant acted willfully and with reckless disregard for the risk posed by that act to another person may categorically involve the use of physical force. United States v. Pam, 867 F.3d 1191, 1208 (10th

---

[4] Voisine likely abrogated United States v. McMurray, 653 F.3d 367 (6th Cir. 2011). See United States v. Howell, 838 F.3d 489 (6th Cir. 2016) (applying Voisine to "use" in section of Sentencing Guidelines).

Cir. 2017). In Pam, the court specifically found that a New Mexico law prohibiting "shooting at or from a motor vehicle . . . with reckless disregard for the person of another," whether resulting in no injury or great bodily harm, had as an element the use, attempted use, or threatened use of physical force against the person of another. Id. at 1211. Accordingly, the court found that the New Mexico law's "element of recklessness d[id] not bar it from constituting a violent felony under the elements clause of the ACCA." Id. at 1208.

Here, Count Three charges Defendant with "maliciously damag[ing] or destroy[ing], or attempt[ing] to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(i). Under Voisine and Pam, the determination of whether this statute incorporates the "use" of physical force against the person or property of another as an element focuses on whether the activity contemplated is volitional as opposed to involuntary. That precedent dictates that § 844(i) passes muster for "use" of physical force, even if Defendant's conduct was merely reckless.

Furthermore, the Court notes that even if Count Four erroneously charged the § 844(i) predicate under the use-of-force clause, it sufficiently charges it under the residual clause because § 844(i) involves a substantial risk of the use of violent physical force. See Holdridge, 1994 WL 399526, at *3 ("There is no dispute that § 844(i) is a crime of violence."). Defendant argues that, although § 844(i) might satisfy the "residual clause," the Supreme Court held in Johnson v. United States, 135 S. Ct. 2551 (2015), that the residual clause found in the ACCA is void for vagueness, and this holding should be applied to § 924(c)'s residual clause because it is virtually equivalent to the one in the ACCA. However, Defendant acknowledges as he must, that the Sixth Circuit has

held to the contrary. United States v. Taylor, 814 F.3d 340, 375-79 (6th Cir. 2016), cert. denied sub nom. Taylor v. United States, Case No. 16-6392 (S. Ct. Apr. 23, 2018).[5]

For all these reasons, the Second Motion to Dismiss Count Four of the Indictment (Doc. No. 113) is **DENIED**.

III.

The Court **FINDS** that the period of delay occasioned by the pendency of the motions to suppress (Doc. Nos. 111 and 116) is reasonable and excludable under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D). Furthermore, the Court also specifically **FINDS** that the interests of justice served by this continuance outweigh the interests of the public and the Defendant in a speedy trial on the date previously scheduled. 18 U.S.C. § 3161(h)(7)(A),(B).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Defendant has made no argument as to the impact, if any, of Shuti v. Lynch, 828 F.3d 440 (6th Cir. 2016) or Sessions v. Dimaya, 138 S. Ct. 1204 (2018), on Taylor, and so the Court does not discuss it.